**JUDGE RAMOS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA

- v. -

JARETT MENDOZA,

Defendant.

------------------------------------ x

SEALED INFORMATION

23 Cr. ___

23 CRIM 316

The United States Attorney charges:

## COUNT ONE
**(Conspiracy to Commit Securities Fraud and Tender Offer Fraud)**

1. In or about May 2020, in the Southern District of New York and elsewhere, JARETT MENDOZA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree to commit offenses against the United States, to wit, (i) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; (ii) securities fraud, in violation of Title 18, United States Code, Section 1348; and (iii) tender offer fraud, in violation of Title 15, United States Code, Sections 78n(e) and 78ff; Title 17, Code of Federal Regulations, Sections 240.14e-3(a) and 240.14e-3(d).

2. It was a part and object of the conspiracy that JARETT MENDOZA, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud;

(b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

3. It was further a part and object of the conspiracy that JARETT MENDOZA, the defendant, and others known and unknown, would and did knowingly execute, and attempt to execute, a scheme and artifice to (a) defraud a person in connection with a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

4. It was further a part and object of the conspiracy that JARETT MENDOZA, the defendant, and others known and unknown, willfully and knowingly would and did engage in a fraudulent, deceptive, and manipulative act and practice in connection with a tender offer, in that after an offering person had taken a substantial step and steps to commence, and had commenced, a tender offer, MENDOZA, while in possession of material information relating to such tender offer which information he knew and had reason to know was nonpublic and which he knew and had reason to know had been acquired directly and indirectly from the offering person, the issuer of the securities sought and to be sought by such tender offer, and an officer, director, partner, and

employee and other person acting on behalf of the offering person and such issuer: (a) purchased and sold and caused to be purchased and sold, and (b) communicated material, nonpublic information relating to a tender offer to another person under circumstances in which it was reasonably foreseeable that such communication was likely to result in the purchase and sale of, such securities and securities convertible into and exchangeable for such securities and an option and right to obtain and to dispose of such securities and options and rights, without such information and its source having been publicly disclosed by press release and otherwise within a reasonable time prior to such purchase and sale, in violation of Title 15, United States Code, Sections 78n(e) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.14e-3(a) and 240.14e-3(d).

Overt Acts

5. In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about May 3, 2020, JARETT MENDOZA, the defendant, spoke on the phone with a coconspirator regarding purchasing shares of Portola Pharmaceuticals ("Portola").

   b. On or about May 4, 2020, MENDOZA purchased shares of Portola, which were traded on the Nasdaq Global Market in New York, New York, based on material nonpublic information.

   c. On or about May 5, 2020, May 12, 2020, May 26, 2020, June 2, 2020, June 11, 2020, and June 26, 2020, MENDOZA sold shares of Portola, which were traded on the Nasdaq Global Market in New York, New York.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The United States Attorney further charges:

6. On or about May 4, 2020, in the Southern District of New York and elsewhere, JARETT MENDOZA, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, MENDOZA purchased shares of Portola on the basis of material nonpublic information misappropriated from Alexion Pharmaceuticals, Inc. ("Alexion").

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT THREE
### (Securities Fraud)

The United States Attorney further charges:

7. In or about May 2020, in the Southern District of New York and elsewhere, JARETT MENDOZA, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to (a) defraud a person in connection with a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required

4

to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, to wit, MENDOZA executed a scheme to defraud Alexion by using material nonpublic information embezzled from Alexion for the purpose of executing securities transactions in Portola.

(Title 18, United States Code, Sections 1348 and 2.)

## COUNT FOUR
### (Tender Offer Fraud)

The United States Attorney further charges:

8.     On or about May 4, 2020, in the Southern District of New York and elsewhere, JARETT MENDOZA, the defendant, willfully and knowingly engaged in a fraudulent, deceptive, and manipulative act and practice in connection with a tender offer, in that after an offering person had taken a substantial step and steps to commence, and had commenced, a tender offer, MENDOZA, while in possession of material information relating to such tender offer which information he knew and had reason to know was nonpublic and which he knew and had reason to know had been acquired directly and indirectly from the offering person, the issuer of the securities sought and to be sought by such tender offer, and an officer, director, partner, and employee and other person acting on behalf of the offering person and such issuer: (a) purchased and sold and caused to be purchased and sold, and (b) communicated material, nonpublic information relating to a tender offer to another person under circumstances in which it was reasonably foreseeable that such communication was likely to result in the purchase and sale of, such securities and securities convertible into and exchangeable for such securities and an option

and right to obtain and to dispose of such securities and options and rights, without such information and its source having been publicly disclosed by press release and otherwise within a reasonable time prior to such purchase and sale, to wit, MENDOZA purchased shares of Portola while in possession of material nonpublic information related to Alexion's tender offer to acquire Portola.

(Title 15, United States Code, Sections 78n(e) & 78ff; Title 17, Code of Federal Regulations, Sections 240.14e-3(a) & 240.14e-3(d); and Title 18, United States Code, Section 2.)

## COUNT FIVE
### (Obstruction of Justice)

The United States Attorney further charges:

9.  In or about May 2020, in the Southern District of New York and elsewhere, JARETT MENDOZA, the defendant, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and an agency of the United States and in relation to and contemplation of such a matter and case, to wit, MENDOZA deleted and advised another to delete text messages related to his purchase of shares of Portola in contemplation of a criminal and civil investigation into his insider trading in Portola.

(Title 18, United States Code, Sections 1519 and 2.)

## FORFEITURE ALLEGATION

10. As a result of committing one or more of the offenses alleged in Counts One through Five of this Information, JARETT MENDOZA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from

proceeds traceable to the commission of the offenses alleged in Counts One through Five, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

### Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

*[signature]*
DAMIAN WILLIAMS
United States Attorney